IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN B. JONES, SR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-15-2058 |
| PAUL MARTIN BOWMAN and ROBERT H. STRONG | * | |
| | * | |
| Defendants | | |

\*\*\*
**MEMORANDUM**

The above entitled civil rights action was filed on July 14, 2015, together with a motion to proceed in forma pauperis which shall be granted.  For the reasons stated below, the complaint must be dismissed.

The complaint seeks monetary damages against the judge and the state's attorney assigned to plaintiff's criminal case due to their alleged failure to bring him before a judicial officer for an initial appearance as required by Maryland Rules 4-213 and 4-301.  ECF 1 at p. 3. Plaintiff states his criminal conviction emanates from the Circuit Court for Kent County, Maryland and provides the case number as 14- K-09-007529.  *Id*. at p. 2.  According to the electronic docket for the Maryland Judiciary, plaintiff's conviction has not been overturned on appeal or vacated as a result of post-conviction proceedings.  *See State of Maryland v. Stephen B. Jones, Sr.*, Crim. Case K09007529 (Cir. Ct. Kent Co. Md).[1]

The complaint seeks monetary damages against parties who are immune from suit for the conduct alleged. Judge Paul Martin Bowman is a Maryland state judge whom plaintiff is suing for decisions made in his capacity as a judge.  This cause of action cannot be maintained against him because it is prohibited by the doctrine of judicial immunity.  *See Forrester v. White*, 484

---

[1] http://casesearch.courts.state.md.us/inquiry.

U.S. 219, 226– 27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

Robert H. Strong is a state's attorney who is being sued for his role in plaintiff's criminal case. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute immunity is designed to protect *judicial process*, thus the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). The decision regarding when or if to schedule an initial appearance for a criminal defendant is part of the judicial process and Mr. Strong may not be sued for damages for those decisions.

Even if plaintiff had named parties who were amenable to suit for money damages, his claim is barred because his conviction has not been overturned. In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. §1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. Put another way, plaintiff's claims for damages cannot be entertained by this court unless he has first successfully challenged his criminal conviction.

The complaint shall be dismissed by separate order which follows.


Dated: July 20, 2015                                        _____/s/_____
                                                            James K. Bredar
                                                            United States District Judge